Commonwealth *vs.* William Brown.

Middlesex. November 4, 1992. - January 8, 1993.

Present: Wilkins, Nolan, Lynch, & Greaney, JJ.

*Homicide. Practice, Criminal*, Instructions to jury, Required finding. *Evidence*, Consciousness of guilt.

At the trial of indictments charging murder and rape, there was no reasonable possibility that the jury were misled by the judge's failing to use the word "assailant" or "perpetrator" in describing elements of the crimes, or to tell the jury more fully than he did that the central issue was whether the defendant was the one who had committed the crimes. [124-126]

Evidence at a criminal trial warranted the judge's instructing the jury on consciousness of guilt and, although the judge should not have referred to the possibility of evidence of the defendant's flight, given the context of the entire charge, including his admonition that the jury could rely on any example of consciousness of guilt only if they found that evidence of it existed in this case, and the absence of any jury argument by the prosecutor concerning evidence of flight, the error was not prejudicial. [126-127]

At the trial of indictments charging murder and rape, there was sufficient evidence for submission of the cases to the jury on the issue of the defendant's guilt, and sufficient evidence to warrant a jury in finding the defendant guilty beyond a reasonable doubt. [127-128]

Indictments found and returned in the Superior Court Department on February 25, 1988.

After the decision of this court in 407 Mass. 84 (1990), the cases were retried before *John P. Forte*, J., sitting under statutory authority.

*Yvonne P. Toyloy*, Committee for Public Counsel Services, for the defendant.

*Barbara F. Berenson*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. In *Brown* v. *Commonwealth*, 407 Mass. 84 (1990), we considered and rejected the defendant's double jeopardy claim that at his first trial for the murder and rape of the twelve year old victim the evidence was insufficient to warrant guilty verdicts. *Id.* at 89. The defendant presented that challenge after the trial judge had declared a mistrial when the jury could not reach any verdicts. *Id.* at 84-85. We are asked to consider the same general question again, but now in the context of the evidence presented at the defendant's second trial, which resulted in his convictions of murder in the first degree and forcible rape of a child. Before we discuss that issue, we consider the defendant's two challenges to the judge's jury instructions. We reject all the defendant's arguments and conclude that he is not entitled to relief pursuant to G. L. c. 278, § 33E (1990 ed.).

The principal issue for the jury was whether the Commonwealth had proved beyond a reasonable doubt that on April 6, 1980, the defendant was the person who raped and killed the victim in woods near her Wakefield home, stabbing her many times. There was no eyewitness to the attack on the victim except her two year and ten month old nephew, James Ford, who did not identify the defendant in his trial testimony.[1] The crucial question was whether the jury were going to conclude from the circumstantial evidence that the defendant was the person who had committed the crimes.

1. In instructing the jury on elements of the crime of murder in the first degree, the judge told the jury that the Commonwealth had to prove that the defendant intended to do certain things, had a particular state of mind, or performed particular acts.[2] The defendant argues that the judge should

---

[1] At the time of trial, Ford was thirteen.

[2] The defendant refers to the following language:

"In order to prove malice aforethought necessary for murder, the Commonwealth must prove that the defendant without justification or excuse acted with one of the three alternative intents.

"It must prove either the defendant specifically intended to kill the victim . . . or that he specifically intended to do grievous bodily harm to [the victim] or that he intended to do an act creating a

have used the word "assailant" or "perpetrator" in describing elements of the crime and further that the judge should have told the jury more fully than he did that the central issue was whether the defendant was the one who had committed the crimes.

What the judge said was a correct statement of the law. We do not see in the language used, as the defendant claims, a prejudicial comment on the evidence or a subtle indication that the judge believed that the defendant was the assailant. It is true that a judge can describe the elements of a crime without referring to the defendant and that it would be better practice not to use the word "defendant" in defining the elements of a crime. In this case, however, reading the charge as a whole and considering the focus on the identification issue during the trial and in counsels' final arguments,

---

plain and strong likelihood that the death or grievous bodily harm would follow.

" . . .

"To convict the defendant of murder in the first degree on the theory of deliberately premeditated malice aforethought, the Commonwealth must prove beyond a reasonable doubt, one, that the defendant unjustifiably killed the victim; two, he intended to kill the victim or intended to do grievous bodily harm to the victim or that he intended to do an act creating a plain and strong likelihood that the victim's death or grievous bodily harm would follow; third, that the defendant acted during this time with premeditation.

" . . .

"To convict the defendant of murder in the first degree on the theory of extreme atrocity or cruelty, the Commonwealth must prove beyond a reasonable doubt that the defendant caused the victim's death by a method surpassing the cruelty inherent in the taking of human life.

"In making this decision, you may consider a number of factors. These factors include but are not limited to the following: the defendant's indifference to or taking pleasure in the victim's suffering; the victim's consciousness and degree of suffering; the extent of the victim's physical injuries and the number of blows delivered by the defendant; the manner and force with which the defendant delivered the blows; the instrument employed by the defendant; and the disproportion between the means needed to cause death and those employed by the defendant."

we conclude that there is no reasonable possibility that the jury were misled in the way the defendant claims.

2. The judge appropriately gave the jury a consciousness of guilt instruction. There was evidence that warranted such an instruction. In general, the judge followed our recommendations concerning consciousness of guilt instructions set forth in *Commonwealth* v. *Toney*, 385 Mass. 575, 584-585 (1982). The judge referred to examples of consciousness of guilt that on the evidence could have been found to exist, namely, false statements and the defendant's claimed loss of a knife which could have been the murder weapon. In addition, however, as an example of consciousness of guilt, the judge referred to "any flight from the scene," adding, as to all examples that he gave of consciousness of guilt, "if you find that exists in this case."[3] The charge should not have referred to the possibility of evidence of the defendant's flight. Although there was evidence that, perhaps contrary to normal behavior, a man seen walking away from the site of the crimes did not look down from a ridge at barking dogs, possibly to avoid

---

[3] The charge on consciousness of guilt was as follows:

"There is something else that you may consider. We call it consciousness of guilt. If you find the defendant has made false statements as to material facts, such statements may be considered by you as showing a consciousness of guilt.

"Also, any attempt to cover up a commission of a crime or flight from the area where the crime was committed are matters which you may consider on the question of consciousness of guilt. Basically, any false statements, any flight from the scene, any covering up any evidence or hiding any evidence — if you find that exists in this case, then you may consider that on whether or not it demonstrates consciousness of guilt.

"But I must caution you again, that actions and statements that indicate consciousness of guilt on the part of the defendant are admissible, and together with other evidence may be sufficient to prove guilt, but the caution is this: since there are numerous reasons why an innocent person might flee or demonstrate similar conduct, it does not necessarily reflect feelings of guilt.

"Where a person's flight does demonstrate feelings of guilt, it does not necessarily mean the person is in fact guilty, because feelings of guilt are sometimes present in innocent people."

identification, there was no evidence of flight in any common sense of the term. The conduct of the man on the ridge is not evidence of flight, although it is still evidence of a person's conduct while leaving the crime scene from which consciousness of guilt could be inferred. However, given the context of the entire charge, including the judge's admonition that the jury could rely on any example of the consciousness of guilt only if they found that evidence of it existed in this case, and the absence of any jury argument by the prosecutor concerning evidence of flight, the error was not prejudicial.

3. The evidence at the second trial was sufficient to warrant submission of the case to the jury pursuant to the applicable standards for testing the sufficiency of evidence. See *Brown* v. *Commonwealth*, 407 Mass. 84, 85-86 (1990); *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-678 (1979). Putting aside for the moment asserted significant differences in the evidence at the two trials concerning the defendant's consciousness of guilt, particularly his false statements to the police, and certain differences in the testimony of the victim's nephew, the evidence at the second trial substantially paralleled the evidence that this court set forth in summary in its earlier opinion. See *Brown* v. *Commonwealth, supra* at 86-89.[4]

Although the evidence at this trial concerning possibly false statements was not identical in all aspects to that set forth in *Brown* v. *Commonwealth, supra* at 89-90, there was evidence from which the jury could infer that the defendant

---

[4]That opinion stated the following conclusions:

"Brown fit the description of the assailant. There was evidence, not disputed by Brown, that on April 6, he was walking in the woods with his unleashed dog, and that he had a knife in a sheath with him during his walk in the woods. The evidence from neighbors surrounding the woods was that no one but Brown was seen entering or leaving the woods prior to the crimes and after the commission of the criminal acts. After the crimes, but not before, Brown had scratches on his face, arms, and neck. That testimony was consistent with the child's statement that his aunt struggled with the assailant."

*Brown* v. *Commonwealth*, 407 Mass. 84, 89 (1990).

had made false statements on various matters of relevance. These inferably false statements include (a) the defendant's statement to police that, while walking in the woods on the afternoon of the crimes, he did not walk toward the crime scene, contrasted with contrary testimony from witnesses; (b) his statement to a friend four days after the crimes that he had lost his knife, contrasted with his statement a day later to the police that he must have left his knife at work and his statement to the police that he could not find the knife at work; and (c) his statement that he had received scratches in a fight at work, contrasted with his failure to respond to a coworker's question regarding the source of the scratches and the coworker's testimony that he never had seen the defendant in a fight at work.

It is true that the testimony of the victim's nephew differed in certain respects from his testimony at the first trial. The differences are not, however, significant to the point of providing a basis for holding the evidence at the second trial insufficient to warrant the convictions.

There is no basis for granting relief to the defendant under G. L. c. 278, § 33E. The jury answered the question whether the Commonwealth proved beyond a reasonable doubt that the defendant was the person who committed the crimes. Our function under § 33E is not to decide as fact finders whether we would agree. See *Commonwealth* v. *Schnopps*, 390 Mass. 722, 726 (1984).

*Judgments affirmed.*